PETROPLUS, JUDGE:
Claimant was the owner and operator of a 1962 Chevrolet, which was struck by a % ton Dodge truck owned by the West Virginia National Guard and operated by Earl C. Banks, Jr., a member of the National Guard, engaged in his official duties. The truck was carrying a load of trash to a City dump on August 2, 1968, on an authorized mission, and was traveling North on State Route No. 20 to Hinton, West Virginia, when it skidded on a wet pavement on Bellepoint Bridge, struck the Claimant’s motor vehicle which was traveling South on the Bridge, and then traveled approximately 225 feet before coming to a stop.
It appears quite clearly that the driver of the army truck was guilty of negligence in its operation, and that the Claimant was free of any contributory negligence at the time of the accident. The Attorney General at the hearing did not contest liability and confined his examination to inquiry on damages. T'he Claimant’s motor vehicle was damaged beyond repair and was sold for salvage for the sum of $100.00 shortly before the trial. The testimony revealed that two out of three persons asked to estimate the damage reported -that it would cost more to repair the car than it was worth.
The measure of damages in West Virginia is the difference in the market value of the vehicle immediately before the accident and immediately after the accident. The Claimant utterly failed to prove the fair market value of his 1962 Chevrolet before its was damaged, and the inquiry of the *75 Attorney General failed to elicit this information, although a number of questions were directed to the Claimant for that purpose.
This Court cannot make an award where damages are not proved, and if it did so, the damages would be conjectural and unsupported by the record. The estimate for repairing the car submitted by the City Body Shop of Milton, West Virginia, in the amount of $592.79, is not competent evidence in view of the testimony that the car was worth less than the cost of repair, and became a total loss as a result of the accident save for its salvage value.
On the present record, we have no alternative but to disallow the claim for failure to prove damages in the proper manner.
Claim disallowed.